NATIONAL CHIROPRACTIC INSURANCE CO., Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 73–1781.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1974.

Decided April 16, 1974.

Kent M. Forney, Des Moines, Iowa, for appellant.

William S. Estabrook, III, Atty., Tax Div., Dept. of Justice, Washington, D. C., for appellee.

Before GIBSON, STEPHENSON and WEBSTER, Circuit Judges.

STEPHENSON, Circuit Judge.

The sole issue on this appeal is whether the district court correctly determined that the taxpayer-appellant did not qualify as a mutual insurance company for federal income tax purposes under § 821 of the Internal Revenue Code of 1954 (26 U.S.C. § 821) because of its requirement that policy holders waive their right to dividends and because of its failure to provide insurance at cost. The district court's decision is published at 365 F.Supp. 971. We affirm.

Taxpayer filed its tax returns for the years 1965–1970 as a mutual insurance company pursuant to 26 U.S.C. § 821. Subsequently, the Government claimed upon audit that taxpayer was subject to taxation under 26 U.S.C. § 831, which applies to companies other than mutual insurance companies, i. e., stock companies. Deficiency assessments were levied by applying § 831 rather than § 821. After payment of the assessment, timely refund claims were filed and denied. Taxpayer then commenced this action below to recover the amount of the assessments and interest. Taxpayer's claim was denied by the district court.

█ The characteristics of a mutual insurance company for tax purposes are set out in Modern Life & Accident Insurance Co. v. Commissioner of Internal Revenue, 420 F.2d 36, 38 (CA7 1970). They consist of (1) common equitable ownership of the assets by members, (2) the right of policy holders to be members to the exclusion of others and to choose management, (3) the sole business purpose of supplying insurance at cost, and (4) the right of members to the return of premiums which are in excess of the amount needed to cover losses and expenses.

The facts are undisputed. The parties agree that taxpayer complied with the first two requirements of a mutual insurance company, i. e., there is common equitable ownership and the policy holders are members to the exclusion of others and they choose the management. See 365 F.Supp. at 973.

█ The dispute arises with respect to whether taxpayer meets the last two requirements of the business purpose of supplying insurance at cost, and the right of members to the return of premiums in excess of the amount needed to cover losses and expenses.

The articles of incorporation of taxpayer allow the by-laws to provide for using excess monies (above the amounts needed for payment of claims and maintenance of legal reserves) in part "to protect in every way not contrary to law the philosophy, art and science of chiropractic and the professional welfare of its members." The articles further provide that members waive all claims for dividends declared out of such excess.[1]

The parties stipulated that taxpayer has not paid dividends to policy holders during the years in question. Taxpayer did make contributions totaling $250,000 to the Foundation for Accredited Chiropractic Education (F.A.C.E.), a foundation which uses its funds to further research at chiropractic colleges and to aid in the instruction of the profession.

Taxpayer contends that periodic payment of dividends is not essential; it is enough that the power exists for the members to cause such a return at such time as they deem it to be appropriate. Thompson v. White River Burial Ass'n, 178 F.2d 954 (CA8 1950); Order of Railway Employees v. Commissioner, 2 T.C. 607 (1943). Further, in this case the ultimate right to require dividends remains in the policy holders. Although up to now the policy holders have not

1. The insurance contract itself also provides for this waiver of dividend claims.

required the payment of dividends, they can do so at any time by virtue of their absolute control of the company.

The difficulty with taxpayer's position is that its policy holders have been required to waive their claims to dividends. Substantial sums have been contributed to F.A.C.E., which can hardly be characterized as a cost of providing insurance. The policy holders have been denied the right to return of premiums in excess of cost. Under these circumstances taxpayer's claim that it is a mutual insurance company must fail. Mutual Fire Insurance Co. of Germantown v. United States, 142 F.2d 344 (CA3 1944), cert. denied, 323 U.S. 729, 65 S.Ct. 65, 89 L.Ed. 585 (1944); American Insurance Co. of Texas v. Thomas, 146 F.2d 434 (CA5 1944).

In Penn Mutual Company v. Lederer, 252 U.S. 523, 525, 40 S.Ct. 397, 398, 64 L.Ed. 698 (1920), the Supreme Court observed, "It is of the essence of mutual insurance that the excess in the premium over actual cost as later ascertained shall be returned to the policy holder." It is abundantly clear that the taxpayer-appellant has not met that essential during the years in question.

Affirmed.